Anthony J. Nunes (SBN 290224)
Nunes Worker Rights Law, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: 530-848-1515
Fax: 424-252-4301
tony@nunesworkerrightslaw.com

Attorneys for Plaintiffs JORGE DE LEON and LUCIA LOPEZ on behalf of
themselves and all others similarly situated

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE DE LEON and LUCIA LOPEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AXLEHIRE, INC., a California corporation, doing business as AXLEHIRE, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. **Discrimination** <br> 2. **Failure to Prevent Discrimination** <br> 3. **Failure to Pay Minimum Wage** <br> 4. **Failure to Reimburse** <br> 5. **Failure to Provide Meal Periods** <br> 6. **Failure to Provide Rest Periods** <br> 7. **Violation of Labor Code Sections 201- 203** <br> 8. **Failure to Provide Accurate Wage Statements** <br> 9. **Unfair Business Practices (Bus. & Practices Section 17200)** <br> 10. **Violation of Labor Code Section 2699 (PAGA)** <br> 11. **Collective Action - Violation of the Fair Labor Standards Act** <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiffs JORGE DE LEON and LUCIA LOPEZ ("Plaintiffs") allege, on behalf of themselves and on behalf of all others similarly situated, causes of action against Defendants, each of them, as follows:

## I.

## <u>INTRODUCTION</u>

1. This is an action brought by Plaintiff De Leon and Plaintiff Lopez on behalf of current and former drivers for AXLETHIRE, INC, and (hereinafter "Defendant" or "Axlehire").  Axlehire operates a restaurant delivery courier service business in California, including in Los Angeles County.

2. Plaintiffs are former delivery drivers for Axlehire in California. Plaintiffs and other Axlehire drivers were paid as exempt "independent contractors," and not as non-exempt, hourly employees, as required by law for commercial drivers like Plaintiffs and the class they seek to represent.

3. Axlehire misclassified and continues to misclassify its drivers as independent contractors, when under California law, these drivers must be classified as non-exempt, hourly workers.

4. Axlehire drivers have no discretion or supervising authority while performing their driving duties for Axlehire.

5. All the drivers who work for Axlehire are required to comply with requirements and policies imposed on them by Axlehire.

6.      Axlehire implements, controls, and manages, all Axlehire driver policies, pick-up and delivery, scheduling, marketing, accounting, and customer service.  All driving work by Axlehire drivers is fully integrated into Axlehire's business.

7.      Axlehire exercises full control over the policies and procedures for its drivers.  Axlehire exercises full control over when, where, and for whom Axlehire drivers make Axlehire deliveries.

8.      Axlehire's misclassification of its drivers as independent contractors is a violation of the California Labor Code as well as California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001, as amended ("Wage Order No. 9") which include:

a.      Failing to reimburse its drivers for employment-related expenses, including fuel, mileage, parking, tolls, and insurance;

b.      Failing to pay its drivers premium wages for missed meal periods;

c.      Failing to pay its drivers premium wages for missed rest periods;

d.      Failing to pay its drivers minimum wage as required by California law for every hour worked;

e.    Failing to maintain accurate employment records for its drivers in California; and

f.    Failing to pay its drivers amounts owed at the end of employment.

9.    Plaintiffs seek unpaid wages, reimbursement for fuel and mileage, compensation for missed meal/rest breaks, and related Labor Code violations, on behalf of themselves and the proposed class and subclasses.

## II.

## PARTIES

### Plaintiffs

10.    Plaintiff JORGE DE LEON was employed as a driver for Defendant in the Los Angeles Area from March 2017 to November 2017.

11.    Plaintiff LUCIA LOPEZ was employed as a driver for Defendant in the Los Angeles Area from August 2017 to January 2018.

12.    Plaintiff De Leon delivered goods on behalf of Axlehire for Axlehire's clients Imperfect Produce and Model Meals.

13.    Plaintiff Lopez primarily delivered goods on behalf of Axlehire for Axlehire's clients Imperfect Produce, Thistle, and Model Meals.

14.    Plaintiffs were not reimbursed for any of their work-related expenses, including fuel, mileage, parking, tolls, or maintenance for their vehicle.

15.     Plaintiffs De Leon and Lopez and numerous other drivers paid out-of-pocket expenses for their vehicle's fuel, insurance, parking, and bridge tolls.

16.      Plaintiffs were never paid an hourly wage for their work for Defendant.

17.     Plaintiffs were not provided with an opportunity to take meal or rest breaks.  Plaintiffs were not compensated any monies in lieu of these breaks.

**Defendants**

18.     AXLETHIRE, INC, is a California corporation, regularly and systematically doing business in the County of Los Angeles, and throughout California.

19.     Defendants primary business is to delivery perishable meals, produces, and other goods for Defendant's clients.

20.     Plaintiffs are informed and believe that Defendant's clients include Imperfect Produce, Thistle, Model Meals, GoodEggs, and Greenwheels, among others.

21.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under California Code of Civil Procedure §474.  Plaintiffs are informed and believe, and based thereon allege, that each of the defendants

designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

22.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.

23.    Defendants in all respects acted as the employer of Plaintiffs and the putative class.  Plaintiffs are informed and believe and thereon allege that at all times relevant to this action, the named Defendant and Defendants DOES 1 through 100 were affiliated and were an integrated enterprise.

24.    Plaintiffs are informed and believe and thereon allege that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other class members, and exercised control over the wages, hours, and working conditions of Plaintiffs and the other class members.

25.    Plaintiffs are informed and believe and thereon allege that, at all relevant times, each defendant was the principal, agent, partner, joint venturer,

officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.

26.     Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and that each defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

### III.

### PLAINTIFFS' CLAIMS

27.     Axlehire is a company which hires drivers to retrieve and deliver meals, produce, and other perishable goods on behalf of Axlehire's clients.

28.     Plaintiffs and other Axlehire drivers are screened by Axlehire and undergo a background check after providing their driver license, auto insurance, and social security number.

29.     Plaintiffs and other Axlehire drivers are subject to and required to abide by Axlehire's uniform policies, rules, and procedures.

30.     To avoid providing its drivers with the minimum benefits and protections afforded to employees in California, Axlehire willfully and uniformly misclassified its drivers as independent contractors.

31.     Defendants created a culture that was overtly and pervasively discriminatory against Non-Mongolians and/or people not of Mongolian origins.

32.     Defendants systematically gave better delivery routes (i.e. faster, shorter, easier routes) to it Mongolian drivers.

33.     Plaintiff De Leon and Plaintiff Lopez do not identify or believe themselves to be Mongolian by race or national origin.

34.     Non-Mongolian drivers were repeatedly terminated in favor of Mongolian drivers.

35.     Defendants terminations were often pretextual and based on false pretenses of wrongdoing.

36.     Over time Defendants have systematically replaced its Non-Mongolian drivers with Mongolians and/or people of Mongolian decent.

37.     Plaintiff Lopez in approximately December 2017 took a break from driving for Axlehire to recover from a brief illness.

38.     When Plaintiff Lopez attempted to return to her normal delivery schedule in approximately January 2018, she was informed that she could no longer drive for Axlehire because Axlehire preferred to allocate its routes to Mongolian delivery drivers.

39.     Plaintiff Lopez and the class she seeks to represent have made complaints with Defendants concerning discrimination against Non-Mongolians.

40.     Defendants failed to take the complaints of discrimination by Plaintiffs and the class they seek to represent seriously and failed to perform reasonable investigations of their complaints.

41.     Axlehire required Plaintiffs to pay for all employment-related expenses, including fuel, mileage, and auto insurance.

42.     Axlehire dictates, supervises, and controls the manner and methods by which Axlehire drivers accomplish their work.

43.     Axlehire unilaterally sets the price of each delivery route.

44.     Plaintiffs and class members were regularly paid less than minimum wage because the delivery pay rate set by Axlehire divide by hours worked resulted in drivers receiving less than the California minimum wage.

45.     Axlehire retains the right to hire and fire drivers.

46.     Axlehire drivers do not engage in a business distinct from that of Axlehire.

47.     Axlehire drivers' work does not involve any managing, supervising, or discretionary duties.

48.     Plaintiffs used their own personal vehicles to make deliveries.  Aside from their vehicles, Axlehire drivers have no monetary significant investment in Axlehire.

49.     Plaintiff De Leon and Plaintiff Lopez found Axlehire's job postings online and meet with an Axlehire representative for an in-person interview.

50.     Plaintiff De Leon typically worked shifts on Tuesdays, Wednesdays, Thursdays, Fridays from approximately 4 pm until 11 pm.  Plaintiff De Leon also sometime performed Model Meals deliveries for Axlehire on Sundays.

51.     Plaintiff De Leon would report to Axlehire's distribution center near Dodgers Stadium in Los Angeles.

52.     Plaintiff De Leon estimates his average delivery route included approximately 25 delivery stops, but could range between approximately 20 and 40 stops.

53.     Plaintiff De Leon and Plaintiff Lopez made deliveries throughout the greater Los Angeles Area.  Defendant's Los Angeles Area delivery range includes Orange County, the San Fernando Valley, and Downtown Los Angeles.

54.     Plaintiff Lopez typically worked either Monday/Wednesday shifts or Tuesday/Thursday shifts, and sometimes on the weekend.

55.     Plaintiff Lopez would report to Axlehire's Gardena, California distribution center to pick up the delivery items.

56.     Plaintiff Lopez estimates her average delivery route included approximately 20-30 delivery stops.

57.     Plaintiffs contend that from the time they arrived at the distribution centers to the time that there last delivery was compensable time in which Plaintiffs should have received minimum wage or higher for all hours worked.

58.     Plaintiffs De Leon and Lopez were typically required to work 5 to 8 hours of compensable time to complete their delivery routes.

59.     Axlehire does not pay its drivers a wage for each hour, or portion thereof, worked.  Instead, Axlehire pays its drivers using a flat rate per route, determined solely and unilaterally by Axlehire.  As a result, Axlehire drivers are not paid for all hours worked and were not paid at least the minimum wage required by California law for each hour worked.

60.     Based on Defendants' misclassification of Plaintiffs and other Axlehire drivers as independent contractors, Plaintiffs seek to represent a class of Axlehire drivers for reimbursement.  Axlehire drivers are required to bear many of the expenses of their employment, including expenses for their vehicle, gas, insurance, and other expenses.

61.     California law requires employers to reimburse employees for such expenses, as they are for the benefit of the employer and are necessary for the employees to perform their jobs.  Axlehire failed and continues to fail to reimburse its drivers for such expenses.

62.     In addition, based on their misclassification as independent contractors, Axlehire drivers do not/did not receive meal breaks, or rest breaks as required by the California Labor Code and Wage Order No. 9.

63.      Further, based on their misclassification as independent contractors, Axlehire drivers did not receive accurate wage statements.

64.     Plaintiffs are former Axlehire drivers who were misclassified by Axlehire as independent contractors.

65.     Plaintiffs' primary duties were non-exempt, and they had minimal discretion in the time and manner in which they performed their work for Axlehire.

## IV.

## CLASS ALLEGATIONS

66.     Plaintiffs brings this cause of action on behalf of themselves and on behalf of all persons similarly situated, ("the class") as alleged herein.  This action is brought and may properly be maintained as a class action pursuant to the

provisions of California Code of Civil Procedure section 382, Federal Rule 23, and other applicable law pertaining to class actions.

67.     The proposed class Plaintiffs seek to represent is presently defined as follows:

Proposed Class:

All delivery drivers for Defendants who work or have worked for Defendants in California within the four years prior to October 3, 2018, through the date of the final disposition of this action.

Proposed Non-Mongolian Subclass:

All delivery drivers for Defendants who do not self-identify or believe themselves to be Mongolian or of Mongolian descent, who work or have worked for Defendants in California within the four years prior to October 3, 2018, through the date of the final disposition of this action.

68.     Plaintiffs are both members of the proposed class and subclass.

69.     There is a well-defined community of interest in the litigation and the class is ascertainable.

A.     **Numerosity**: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that the class consists of 400 persons or more.

B.   **Common Questions Predominate**:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

    i.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

    ii.  Whether Defendants are and were subject to minimum wage requirements contained in the California IWC Wage Orders and other California law with respect to the class members pursuant to the California Labor Code and Wage Orders for the period commencing four years prior to the date of the filing of this complaint and continuing through the date of judgment;

    iii.  Whether Defendants' policy and practice of classifying class members as exempt from minimum wage entitlement under California law and Defendants' policy and practice of failing to pay minimum wage to the California class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

iv.  Whether Defendants unlawfully failed to pay minimum wage compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

v.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for class members;

vi.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

vii.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

viii.  Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

DE LEON ET AL. V. AXLEHIRE, INC. - COMPLAINT

ix.  Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

x.  The proper *measure of* damages sustained and the proper measure of restitution recoverable by members of the California class; and,

xi.  Additional common questions of law and fact may develop as the litigation progresses.

C.     **Typicality**: Plaintiffs' claims are typical of the claims of the class. Plaintiffs and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to class members as well as Plaintiffs. Plaintiffs seek recovery for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiffs.

D.     **Adequacy**: Plaintiffs and their counsel will fairly and adequately protect the interests of the class.  Plaintiffs have no interest that is adverse to the interests of the other class members.

E.     **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impractical.  Class action treatment will permit a large number

of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

       F.    **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

# V.

## CAUSES OF ACTION

### First Cause of Action

### Discriminating in Compensation or Terms, Conditions or Privileges of Employment
### [Government Code section 12900 et seq.]

70.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

71.     Plaintiffs allege that Defendants discriminated against Plaintiffs and the class they seek to represent based on their race and national origin in their compensation and in terms, conditions, and privileges of employment.

72.     Plaintiffs De Leon and Lopez were misclassified as independent contractors and thus covered by California's Fair Employment and Housing Act.

73.     On or about May 29, 2018, Plaintiff De Leon filed a complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") (DFEH Case No. 201805-02434131).  Plaintiff De Leon was issued a Right-To-Sue letter from the DFEH on May 29, 2018.

74.     Plaintiff De Leon's DFEH Right-to-Sue letter was served on Defendant on May 29, 2018.  Attached hereto as Exhibit A is Plaintiff De Leon's DFEH Right-to-Sue Notice and Discrimination Complaint.

75.     On or about May 29, 2018, Plaintiff Lopez filed a complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") (DFEH Case No. 201805-02433631).  Plaintiff Lopez was issued a Right-To-Sue letter from the DFEH on May 29, 2018.

76.     Plaintiff Lopez' DFEH Right-to-Sue letter was served on Defendant on June 1, 2018.  Attached hereto as Exhibit B is Plaintiff Lopez' DFEH Right-to-Sue Notice and Discrimination Complaint.

77.     Defendants created a culture that was overtly and pervasively discriminatory against Non-Mongolians and/or people not of Mongolian origin.

78.     Plaintiff De Leon and Plaintiff Lopez do not identify as or believe themselves to be Mongolian by race or national origin.

79.     Defendants systematically gave better delivery routes (i.e. faster, shorter, easier routes) to it Mongolian drivers.

80.     Non-Mongolian drivers were repeatedly terminated in favor of Mongolian drivers.  Defendants terminations were often pretextual and based on false pretenses of wrongdoing.

81.     Over time Defendants have systematically replaced its Non-Mongolian drivers with Mongolians and/or people of Mongolian decent.

82.     Plaintiffs and the class they seek to represent have made complaints with Defendants concerning discrimination against Non-Mongolians.

83.     The alleged adverse treatment was reasonably likely to impair the job performance or prospects for advancement of Plaintiffs and the class they seek to represent.

84.     As a result of Defendants' acts and omissions alleged above, Plaintiffs and the class they seek to represent suffered injuries and damages in an amount according to proof.

85.     As a proximate result of Defendants' wrongful conduct, Plaintiffs and the class they seek to represent suffered damages in an amount subject to proof, but which is in excess of the jurisdictional minimum of this Court, and which includes but is not limited to accrued but unpaid salary, bonuses and benefits (including prejudgment interest thereon), front pay, severance pay, and other compensatory and punitive damages.

## Second Cause of Action

### Failure to Prevent Discrimination
### [Government Code section 12900 et seq.]

86.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

87.     Plaintiffs and the class they seek to represent allege that Defendants failed to take reasonable steps necessary to prevent the alleged discrimination and harassment based on the race and national origin of Plaintiffs and the class they seek to represent.

DE LEON ET AL. V. AXLEHIRE, INC. - COMPLAINT

88.     Plaintiffs and the class they seek to represent allege that Defendants have a duty of care to prevent discrimination and harassment in the workplace.

89.     By allowing discrimination and harassment to occur based on the race and national origin of Plaintiffs and the class they seek to represent, Defendant breached this duty of care.

90.     As a result of Defendants' acts and omissions alleged above, Plaintiffs and the class they seek to represent suffered injuries and damages in an amount according to proof.

91.     As a proximate result of Defendants' wrongful conduct, Plaintiffs and the class they seek to represent suffered damages in an amount subject to proof, but which is in excess of the jurisdictional minimum of this Court, and which includes but is not limited to accrued but unpaid salary, bonuses and benefits (including prejudgment interest thereon), front pay, severance pay, and other compensatory and punitive damages.

## Third Cause of Action

**Violation of California Labor Code §§ 1182.12, 1194, 1197 and 1197.1**
**(Unpaid Minimum Wages)**

92.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

93.     Defendants unilaterally set a price of each delivery route.

94.     Plaintiffs and class members were regularly paid less than minimum wage because the delivery pay rate set by Axlehire divide by hours worked resulted in drivers receiving less than the California minimum wage.

95.     Labor Code Section 1194 provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

96.     Labor Code Section 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

97.     Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1 and the applicable Wage Order, Wage Order No. 9, by willfully failing to pay all minimum wages due to Plaintiffs and the class members.

98.     Plaintiffs and the class members seek all actual, consequential and incidental losses and damages, including, unpaid minimum wages, interest thereon, attorneys' fees, and costs.

99.     In addition to the above- amounts, Plaintiffs and the class they seek to represent will seek to recover one hundred dollars ($100) for each underpaid

employee for each pay period for which the employee is underpaid for any initial violation that is intentionally committed,  and two hundred fifty dollars ($250) for each subsequent violation for the same specific offense, for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

### Fourth Cause of Action

**Failure to Reimburse**
**(Labor Code §§ 2802)**

100.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

101.   Labor Code section 2802(a) provides: "An employer shall indemnify their or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their or her duties, or of their or her obedience to the directions of the employer."

102.   Throughout the class period, Plaintiffs and all other class members incurred necessary expenditures in direct consequence of their duties as Defendants' drivers and/or their obedience to Defendants' directions, for which they received no reimbursement.

103.   Plaintiff De Leon and Lopez and numerous other drivers paid out-of-pocket expenses for their vehicle's fuel, vehicle maintenance, insurance, parking, and bridge tolls.

104.   Labor Code section 2802(b) provides for interest on all awards made by a court from the date upon which the employee incurred the necessary expenditure or loss.

105.   Labor Code section 2802(c) provides that "necessary expenditures or losses" includes all reasonable costs including attorney's fees incurred by the employee to enforce the rights afforded under this provision.

106.   Defendants misclassify drivers as independent contractors, and fails to reimburse them for expenses they paid, including, gas, mileage and vehicle maintenance, that should have been borne by their employer, which constitutes a violation of California Labor Code Section 2802.

107.   In failing to reimburse Plaintiffs and class members for expenses paid, Defendants acted maliciously with the wrongful intention of causing injury and hardship to Plaintiffs and class members by reaping economic gain at Plaintiffs and the class members' expense, in willful and conscious disregard of Plaintiffs and class members' statutory and regulatory rights.

108.   Plaintiffs and the class members are entitled to recover an award from Defendant of the full amount of all unreimbursed necessary expenditures, plus interest and reasonable attorneys' fees.

/ / /

/ / /

DE LEON ET AL. V. AXLEHIRE, INC. - COMPLAINT

## **Fifth Cause of Action**

### **Failure to Provide Meal Periods**
### **(Labor Code §§ 226.7 and 512)**

109.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

110.    Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Order No. 9 at section (11), provided as follows:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

111.    Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday.  Labor Code Section 512 further requires two 30-minute duty-free meal periods when an employee works more than 10 hours in any given workday.

112.   Plaintiffs De Leon and Lopez were typically required to work 5 to 8 hours of compensable time to complete their delivery routes, but did not receive a meal break.

113.   Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of each meal periods not provided by the employer.

114.   Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide one or more duty-free 30-minute meal periods in violation of Labor Code section 510 and Wage Order No. 9, as required by California law.

115.   By virtue of this unlawful conduct, Plaintiffs and the class members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

116.   Throughout the period applicable to this cause of action, Defendants required Plaintiffs and the class members to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore, Plaintiffs and the class members are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

117.   On information and belief, Plaintiffs allege that the class members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through meal periods.  Defendants failed to meet the

requirements for lawful on-duty meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

118.   Plaintiffs and the class they seek to represent request relief as described herein.

### Sixth Cause of Action

**Failure to Provide Rest Periods**
**(Labor Code § 226.7)**

119.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

120.   Wage Order No. 9, Section 12, requires each employer to provide each of its employees with at least one rest period of 10-minutes rest time for each 4-hours, or major fraction thereof, that each such employee works during each workday.

121.   Plaintiffs De Leon and Lopez were typically required to work 5 to 8 hours of compensable time to complete their delivery routes, but did not receive a rest break.

122.   Labor Code Section 226.7 provides that if an employer fails to provide an employee with a rest period in accordance with Wage Order No. 9, the employer must pay such employee(s) one additional hour of pay at the employee's regular rate of pay for each day that such a rest period was not provided.

123.   By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

124.   By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiffs and class members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiffs class.  On information and belief, Plaintiffs allege that Defendants' failure to maintain accurate records was willful.

125.   As a result of the unlawful acts of Defendants, Plaintiffs and the class members they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery

of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under the Labor Code and the applicable IWC Wage Orders.

## Seventh Cause of Action

### Violation of Labor Code Sections 201- 203

126.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

127.   Plaintiffs and many of the other class members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action.

128.   Defendants failed to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the minimum wage compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

129.   As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiffs and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

130.   Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were paid for all wages and compensation owed as referred to in this Complaint, each employee is entitled to thirty days' wages.

## Eighth Cause of Action

### Failure to Furnish Accurate Wage Statements
### (Labor Code §§ 226(b), 1174, 1175)

131.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

132.   Labor Code section 1174(d) requires that every employee maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate aid to, employees employed" in California.

133.   Wage Order No. 9, Section 7 requires every employer in California to "keep accurate information with respect to each employee including" … "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

134.   Plaintiffs are informed and believe and upon that basis allege, that Defendant has failed to maintain accurate records in compliance with Labor Code

section 1174 and/or Wage Order No. 9 for Plaintiffs and the class.  Pursuant to Labor Code Section 1174.5, Plaintiffs and the class are entitled to each collect a civil penalty from Defendant in the amount of $500.

135.   Labor Code section 226 requires each employer to furnish accurate itemized wage statements at the time of payment reflecting (1) the gross wages earned, (2) the total hours worked, except for those whose compensation is based solely on a salary and who is exempt, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the dates of the period for which the employee is paid, (7) the name of the employee and last four digits of the employee's social security number or identification number, (8) the name and address of the legal entity that is the employer , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee beginning July 1, 2013.

136.   Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiffs and the class members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

137.   Plaintiffs and the class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to minimum wages, and because the failures hindered them from determining the amounts of wages owed to them.

138.   Plaintiffs and the class members are entitled to the amounts provided for in Labor Code section 226(e), which provides for each employee to recover from Defendant fifty dollars ($50) for the initial pay period in which a violation occurred, and one-hundred dollars ($100) per class member for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per class member.

139.   Plaintiffs and the class members are entitled to an award of attorney fees plus costs.

## Ninth Cause of Action

### Violation of Unfair Competition Law
### (Bus. and Prof. Code § 17200 *et seq.*)

140.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

141.   Plaintiffs bring this action on behalf of themselves and each and all members of the general public, including the class, pursuant to Business and Professions Code sections 17200 *et seq.*  Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business &

Professions Code sections 17200 *et seq.*  Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws, Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802, and applicable Wage Orders, including Wage Order No. 9.

142.   Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiffs and the class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

143.   The unlawful and unfair business practices and acts of Defendants, and each of them, described above, have injured the class members in that they were wrongfully denied the payment of earned wages and other compensation.

144.   Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiffs and the class members are entitled to restitution for at least the following: the unpaid earnings withheld and retained by Defendants referred to above.

145.   Plaintiffs, the class members, and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

146.   Defendant is also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.  The Plaintiffs, on behalf of themselves and all class members, also seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

## Tenth Cause of Action

### Violation of Labor Code Section 2699 (PAGA)

147.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

148.   As a result of the acts alleged above, Plaintiffs and the class they seek to represent seek penalties under Labor Code §§201-203, 212, 226, 226.7, 510, 1182.12, 1194, 1197, and 1197.1.

149.   For each such violation, Plaintiffs and the class they seek to represent are entitled to penalties in an amount to be shown at the time of trial subject to the following formula: $100 for the initial violation per employee per pay period, and $200 for each subsequent violation per employee per pay period.

150.   These penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employees.

151.   Plaintiff De Leon filed a PAGA complaint online with the LDWA on or about March 2, 2018, and served Defendants by certified mail as prescribed by the Labor Code.

152.   Plaintiff Lopez filed a PAGA complaint online with the LDWA on or about June 1, 2018, and served Defendants by certified mail as prescribed by the Labor Code.

153.   Plaintiffs and the class they seek to represent seek penalties as the LDWA is not investigating pursuant to Labor Code §2699.3(a)(2)(A).

154.   WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below and as deemed just.

## Eleventh Cause of Action

### Violations of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, *et seq.*)

155.   At all times relevant herein, Plaintiffs and the collective class members are/were employed with Defendants as "employees" within the meaning of the FLSA.

156.   Plaintiffs are informed and believe, and thereon allege, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29

U.S.C. § 206(a).  That section provides the following: "Every employer shall pay to each of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

157.   Plaintiffs are informed and believe, and based hereon, allege that Defendants have required and/or require the collective class members, as part of their employment, to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29 U.S.C. §§ 206 and 207(a)(1).

158.   Defendants' violations of the FLSA were willful and are ongoing.

159.   Plaintiffs propose to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents / joinders with the Court.

160.   Attached hereto as Exhibit C are both Plaintiffs' signed FLSA consent to join.

161.   As a result of Defendants' unlawful conduct, Plaintiffs and the collective class members have suffered damages as set forth herein.

162.   As a result of the foregoing, Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid wages owed by Defendants to Plaintiffs and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all members of the class, pray for relief as follows:

1.   That the Court determine that this action may be maintained as a class action;

2.   That Plaintiffs be appointed the representative of the proposed class and subclasses;

That the attorneys of record for Plaintiffs whose names appear in this Complaint be appointed class counsel;

3.   For civil penalties pursuant to Labor Code Sections 226(e), 226.8(b) and (c), 1174.5, 1197.1

4.   For compensatory damages representing the amount of unpaid wages owed to Plaintiffs and the class members;

DE LEON ET AL. V. AXLEHIRE, INC. - COMPLAINT

5.    For compensatory damages, representing the amount of unpaid wages owed to Plaintiffs and all others similarly situated;

6.    For compensatory damages pursuant to Labor Code Section 226.7 for missed meal and rest breaks;

7.    For compensatory damages pursuant to Labor Code Section 2802;

8.    For reasonable attorneys' fees and costs pursuant to Labor Code Sections 1194, 2802(c), 226(e);

9.    For such general and special damages as may be appropriate;

10.   For liquidated damages as authorized pursuant to Labor Code Sections 1194.2,

11.   For waiting time penalties and civil penalties for all class members no longer in Defendants' employ at the time of Judgment;

12.   For pre-judgment interest;

13.   For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

14.   For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

15.   A declaratory judgment that the practices complained of herein are unlawful under California state law;

16.    Attorney's fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Calif. Code Civ. Proc. §1021.5; and

17.    Such other injunctive and equitable relief as the Court deems proper.

DATED: October 3, 2018                    NUNES WORKER RIGHTS LAW, APC

By:  Anthony J. Nunes, Esq.
Attorneys for Plaintiff JORGE DE LEON
and LUCIA LOPEZ, on behalf of
themselves and all others similarly situated